William Camm Seay Dent County Prosecuting Attorney P.O. Box 418 Salem, MO 65560
Dear Mr. Seay:
This opinion letter is in response to your question asking:
 Whether a 3rd class county salary committees' refusal to meet in accordance with Section 50.333 RSMo after an initial salary committee meeting in 1989 approved a 100% salary payment, results in an automatic approval of payment of 100% of allowable salary for 3rd class county coroners in accordance with Section 58.095 RSMo and for third class county public administrators in accordance with Section 473.739.1 RSMo.
Your question apparently arises because of an amendment in 1990 to Section 58.095, RSMo, relating to the compensation of county coroners and an amendment in 1990 to Section 473.739, RSMo, relating to the compensation of certain public administrators. Section 58.095, RSMo Supp. 1993, provides in part:
 58.095. Compensation of county coroner — training program, attendance required, when, expenses, compensation (noncharter counties). — 1. The county coroner in any county, other than in a first class chartered county, shall receive an annual salary computed on a combination class-population basis as set forth in the following schedule. The population factor shall be as disclosed by the last federal decennial census. The provisions of this section shall not permit or require a reduction in the amount of compensation received by any person holding the office of coroner on January 1, 1988:
 Population Salary Less than 10,000 $5,500 10,000 to 15,000 6,000 15,001 to 20,000 6,500 20,001 to 24,000 7,000 24,001 to 30,000 7,500 30,001 or more 8,000
* * *
Prior to the 1990 amendment, the schedule setting forth the combination class-population basis for the annual salary was as follows:
 Class Population Salary Fourth Any $2,000 Third Less than 10,000 2,000 Third 10,000 to 15,000 2,500 Third 15,001 to 20,000 3,000 Third 20,001 to 24,000 3,500 Third 24,001 to 30,000 4,000 Third 30,001 or more 4,500 Second Any 5,000
The 1990 amendment to the schedule results in the schedule showing a higher salary amount for county coroners.
Section 473.739, RSMo Supp. 1993, relating to the compensation of certain public administrators provides in part:
 473.739. Compensation for attendance at training session, certain public administrators, expenses may be reimbursed, when (noncharter counties). — 1. Each public administrator, except in counties of the first class with a charter form of government, who does not receive at least twenty-five
(fifteen) thousand dollars in fees as otherwise allowed by law shall receive annual compensation of four thousand dollars and each such public administrator who does not receive at least twenty-five thousand dollars in fees may request the county salary commission for an increase in annual compensation and the county salary commission may authorize an additional increase in annual compensation not to exceed ten thousand dollars. (Emphasis added.)
* * *
The 1990 amendment to this section added the words which are underlined above and deleted the word "fifteen" which is in parenthesis above.
Section 50.333, RSMo Supp. 1993, establishes a county salary commission in every nonchartered county. Particularly relevant to your inquiry are subsections 7 and 9 of Section 50.333 which provide in part:
 7. For the year 1989 and every second year thereafter, the salary commission shall meet in every county as many times as it deems necessary on or prior to November thirtieth of any such year for the purpose of determining the amount of compensation to be paid to county officials. . . . The salary commission shall then consider the compensation to be paid for the next term of office for each county officer to be elected at the next general election; however, until August 28, 1990, the compensation for all commissioners of the county commission. . . . If the commission votes not to increase or decrease the compensation, the salary being paid during the term in which the vote was taken shall continue as the salary of such offices and officers during the subsequent term of office. If the salary commission votes to increase the compensation, all officers or offices, except as otherwise provided in this subsection for county commissioners, whose compensation is being considered by the commission at that time, shall receive the same percentage of the difference between the maximum allowable compensation and the compensation being paid during the term of office when the vote is taken. However, for any county in which all officers are receiving one hundred percent of the maximum allowable compensation, the commission may vote to increase the compensation of county officers without regard to any law or maximum limitation previously established by law. Such increase shall be expressed as a percentage of the compensation being paid during the term of office when the vote is taken, and each officer whose compensation is being established by the salary commission at that time shall receive the same percentage increase over the compensation being paid for that office during the term when the vote is taken. If the salary commission votes to decrease the compensation, all officers and offices, except as otherwise provided in this subsection for county commissioners, shall receive the same percentage decrease; however, no salary or other compensation of county officers holding office on or after May 13, 1988, shall be decreased below the compensation being paid for the particular office on the date the salary commission votes, except upon a two-thirds vote of all of the members of the salary commission.
* * *
 9. For the meeting in 1989 and every meeting thereafter, in the event a salary commission in any county fails, neglects or refuses to meet as provided in this section,
or in the event a majority of the salary commission is unable to reach an agreement and so reports or fails to certify a salary report to the clerk of the county commission by December fifteenth of any year in which a report is required to be certified by this section, then the compensation being paid to each affected officer on such date shall continue to be the compensation paid to the affected officer during the succeeding term of office. (Emphasis added.)
Under the facts you have presented, the county salary commission has refused to meet after an initial salary commission meeting in 1989. Subsection 9 of Section 50.333
quoted above specifically addresses the situation of a county salary commission failing, neglecting or refusing to meet. Such subsection provides that the compensation being paid to each affected officer shall continue to be the compensation paid during the succeeding term of office. Where the language of a statute is plain and admits of but one meaning, there is no room for construction. State exrel. Missouri State Board of Registration for Healing Artsv. Southworth 704 S.W.2d 219, 224 (Mo. banc 1986).
The provisions of subsection 7 of Section 50.333
highlighted above deal with situations where the county salary commission has voted not to increase or decrease the compensation, has voted to increase the compensation, or has voted to decrease the compensation. None of these provisions is applicable to the situation you describe where the county salary commission has refused to meet.
Likewise, the 1990 amendment to Section 58.095
discussed above does not result in an automatic pay raise for the county coroner in the situation you describe. The 1990 amendment to Section 58.095 changed the schedule for computing the compensation of county coroners; however, subsection 9 of Section 50.333 specifically provides that if the county salary commission refuses to meet, then the compensation being paid to each affected officer shall continue to be the compensation paid to the affected officer during the succeeding term of office.
With regard to the county public administrator, the "additional increase in annual compensation not to exceed ten thousand dollars" added by the 1990 amendment to Section473.739 is an amount "the county salary commission may authorize." In the situation you describe, the county salary commission has refused to meet. Therefore, there is no county salary commission authorization for the additional amount and the county public administrator would not be entitled to such additional amount automatically.
Statutes providing compensation for public officers are strictly construed against the officer. Becker v. St.Francois County, 421 S.W.2d 779, 783 (Mo. 1967). To conclude that either the coroner or public administrator is entitled to the additional compensation discussed above would violate the plain meaning of the words used in subsection 9 of Section 50.333 and would violate the rule of strict construction against the officer. See also Felkerv. Carpenter, 340 S.W.2d 696, 701 (Mo. 1960).
In summary, in the situation you describe of the county salary commission refusing to meet since 1989, neither the county coroner nor the county public administrator is entitled to the additional compensation discussed above.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General